**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:03-CR-00406-JAR-1 |
| | ) | |
| RONALD KEITH GLADNEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case was transferred to this Court upon the retirement of Judge Webber. The matter is now before the Court on Defendant Ronald Keith Gladney's pro se request for expungement or record relief related to his conviction for mail fraud [ECF No. 22]. Defendant advises the Court that since his conviction, he completed his probation requirements without incident and has continued to make efforts to live responsibly and contribute positively to his community. He seeks expungement or record relief so he can pursue additional professional licenses and opportunities that are inaccessible due to his conviction. He also describes the events of his plea hearing and states that he accepted a resolution that he believed was unfair out of a feeling of immense pressure and fear for his wife's well-being.

The Court is without jurisdiction to grant Defendant's request. The Court is sympathetic and commends Defendant on his progress and contributions to his community. However, the Court may not exercise ancillary jurisdiction to expunge a criminal record based solely on equitable grounds. *United States v. Meyer*, 439 F.3d 855, 862 (8th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). In *Meyer*, the Eighth Circuit stated that a "district court may have ancillary jurisdiction to expunge criminal records in extraordinary cases to preserve its ability to function successfully by enabling it to correct an injustice caused by an

illegal or invalid criminal proceeding." *Id*. at 861-62. *But see United States v. Kohn*, No. 4:02-CR-00379-SEP, 2025 WL 81366, at *2 (E.D. Mo. Jan. 13, 2025) (finding that the quoted portion of *Meyer* is dicta and that it only notes the possibility of such jurisdiction which "appears not to have materialized in any case in the Eighth Circuit in the ensuing 18 years").

Even assuming the possibility of jurisdiction to expunge criminal records in "extraordinary cases," the Court is not in a position to "correct an injustice" because Defendant has not alleged that his conviction resulted from an illegal or invalid criminal proceeding. Defendant rather asserts that the circumstances surrounding his plea were unique and unfair. Without more, this allegation does not rise to the level of "extraordinary" or indicate an illegal or invalid proceeding. As Defendant's stated reasons for seeking expungement relate to professional advancement, the request is based solely on equitable grounds. *See United States v. Lewis*, No. 4:73-CR-192-HEA, 2007 WL 2360067 (E.D. Mo. Aug. 15, 2007). Therefore, the Court may not exercise jurisdiction to grant the relief requested.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ronald Keith Gladney's pro se request for expungement or record relief related to his conviction for mail fraud [ECF No. 22] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this order to Defendant Ronald Keith Gladney at the address referenced in the filing.

Dated this 24th day of March, 2026.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**